UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RASHAD R. SELOUS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:19-cv-02122-SNLJ |
| ) | |
| **RICHARD JENNINGS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

This case is a petition under 28 U.S.C. § 2254 for writ of habeas corpus. Petitioner Rashad R. Selous is an inmate at the Potosi Correctional Center near Mineral Point, Missouri. In 2014, Selous was convicted by a jury on two counts of first-degree attempted forcible sodomy, in violation of Section 566.060 RSMo, two counts of first-degree attempted statutory sodomy, in violation of Section 566.062 RSMo, and one count of first-degree child molestation, in violation of Section 566.067 RSMo. The trial court sentenced Selous to life in prison without parole on the four sodomy-related counts (being a prior and persistent offender, Section 558.016 RSMo, and a persistent sexual offender, Section 566.125 RSMo) and 30 years' imprisonment on the child molestation count. The conviction and sentence were affirmed on direct appeal (Resp. Ex. E), Selous's Rule 29.15 motion was denied by the trial court (Resp. Ex. G, pp. A1-A7), and the Rule 29.15 denial was affirmed on appeal (Resp. Ex. I).

In his petition before this Court, Selous raises three grounds for relief: 1) trial error in the overruling of several *Batson* challenges; 2) ineffective assistance of counsel—

1

failure to attack the credibility of certain witnesses ; and 3) ineffective assistance of counsel—failure to object and call for a mistrial during cross-examination of certain witnesses.[1]

This Court will deny the petition. Selous procedurally defaulted on his first ground for relief, so this Court will not consider it here. The second and third grounds for relief were raised in state court, which the Missouri Court of Appeals denied. On those claims, this Court will defer to the decision of the Missouri Court of Appeals under 28 U.S.C. § 2254(d).

## I. STATEMENT OF EXHIBITS

In support of this memorandum, this Court cites the following exhibits as set out in the response to show cause, ECF #8.

1. Respondent's Exhibit E is a copy of the Missouri Court of Appeals' decision affirming the conviction and sentence.

2. Respondent's Exhibit F is a copy of the legal file from Selous's state post-conviction appeal.

3. Respondent's Exhibit G is Selous's brief on post-conviction appeal.

4. Respondent's Exhibit H is a copy of the State's brief on post-conviction appeal.

5. Respondent's Exhibit I is a copy of the Missouri Court of Appeals' decision affirming the denial of post-conviction relief

---

[1] Selous also suggests the trial court "erred in denying [his] Rule 29.15 motion without an evidentiary hearing." This does not adequately state an independent ground for relief, as "the Constitution does not require states to provide a means of post-conviction review of state convictions." *Basile v. Bowersox*, 125 F.Supp.2d 930, 977 (E.D. Mo. 1999); accord *Dunn v. Lewis*, 2019 WL 763805 at *8, n.8 (E.D. Mo. Feb. 21, 2019) (rejecting claim that petitioner's constitutional rights were violated where post-conviction court denied an evidentiary hearing under Missouri Rule 29.15); *see also* J*olly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994).

## II. BACKGROUND

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. 2254(e). During Selous's post-conviction appeal, the Missouri Court of Appeals summarized the relevant facts and procedural background as follows:

> Movant was charged with two counts of attempted forcible sodomy, in violation of Section 566.060,2 two counts of attempted first-degree statutory sodomy, in violation of Section 566.062, and one count of first-degree child molestation, in violation of Section 566.067. The charges related to an incident on April 27, 2013, in which Movant was alleged to have molested and sodomized Victim, who was nine years old at the time.
>
> Following a jury trial, Movant was convicted as charged. On December 4, 2014, the trial court sentenced Movant, as a prior and persistent offender and a persistent sexual offender, to four concurrent sentences of life without the possibility of parole on the attempted forcible sodomy counts and attempted statutory sodomy counts, and one concurrent sentence of thirty years on the count of child molestation.
>
> This Court affirmed Movant's convictions on direct appeal and issued its mandate. State v. Rashad, 484 S.W.3d 849, 859 (Mo. App. E.D. 2016). Movant timely filed a pro se Rule 29.15 motion for post-conviction relief. Post-conviction counsel entered an appearance and requested a thirty-day extension to file an amended motion, which the motion court granted. Post-conviction counsel timely filed an amended motion. Movant requested an evidentiary hearing, which was denied. The motion court filed its Findings of Fact and Conclusions of Law denying postconviction relief on October 18, 2017. This appeal follows.

(Resp. Ex. I, pp. 2-3).

## III. ANALYSIS

### A. Selous's First Ground for Relief is Procedurally Defaulted.

In his first ground for relief, Selous argues "the prosecutor's peremptory strike of African-American venirepersons Jackson, Featherson, and Harris was in violation of [his] and the stricken panelist's rights to equal protection guaranteed by the 6th and 14th Amendments to the United States Constitution." He says "the prosecution's proffered reason was pretext for striking them because there were white jurors that were not struck [for] the same proffered reasons." In essence, Selous raises a *Batson* challenge—so named in recognition of the U.S. Supreme Court's decision in *Batson v. Kentucky*, 476 U.S. 79 (1986)—which prohibits discriminatory juror selection from the venire. *Id*. at 89. "When a *Batson* challenge is raised, it is the duty of the trial judge to decide whether the reasons offered by the prosecutor are the real reasons or whether they are mere pretext for a strike made on the basis of race." *U.S. v. Crow*, -- F.3d --, 2020 WL 4726077 at *2 (8th Cir. Aug. 14, 2020).

While Selous raised *Batson* claims on direct appeal of his conviction and sentence, he did not do so in his Rule 29.15 post-conviction briefing to the trial or appellate courts. (*Compare* Resp. Ex. C, p. 8; *with* Resp. Ex. F, pp. 7-11, 23-44; Resp. Ex. G., pp. 12, 14). "[F]ailing to present [a claim] to the Missouri courts at any stage of [petitioner's] direct appeal or his post-conviction proceedings" renders it procedurally defaulted. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Having failed to raise *Batson* claims during his post-conviction briefing, Selous has procedurally defaulted on them. *See, e.g., Clark v. Denney*, 2013 WL 12429983 at *2 (W.D. Mo. Mar. 26, 2013) (petitioner defaulted on

4

Batson claims by failing to assert them during his post-conviction appeal); *Howard v. Norman*, 2011 WL 1045567 at *8 (E.D. Mo. Mar. 17, 2011) (petitioner defaulted on Batson claim by failing to assert it on direct appeal). There being no showing for the reason of default, nor prejudice, nor having demonstrated that there will be a fundamental miscarriage of justice, this claim will be denied. *See Stephen v. Smith*, 963 F.3d 795, 799 (8th Cir. 2020) (noting the court could "not reach [petitioner's] claim" unless he "shows cause and prejudice or that he is actually innocent of the charges," and refusing to consider the claim where petitioner "makes no attempt to meet these standards").

**B. Trial Counsel was not Ineffective for Failing to Attack the Credibility of Certain Witnesses. This Court Defers to the Missouri Court of Appeals' Decision on This Issue (Responds to the Second Ground for Relief).**

In his second ground for relief, Selous argues his trial counsel was ineffective for "failing to impeach C.W."—the victim—"and C.W.'s mother with school and medical records showing C.W. had disciplinary problems at school." Selous alleges C.W. "was suspended for fighting on the school bus" and "was medicated for his unmanageable behavior." Selous raised this claim during his state post-conviction appeal (Resp. Ex. G, p. 12), and the Missouri Court of Appeals denied it. (Resp. Ex. I, pp. 4-8). Claims that have been previously adjudicated on the merits in state court "shall not be granted" relief unless the state court's decision contradicted or unreasonably applied clearly-established federal law or resulted in an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The Missouri Court of Appeals applied the proper standard for evaluating whether counsel was ineffective. (Resp. Ex. I, p. 4); *see Strickland v. Washington*, 466 U.S. 668

5

(1984). To succeed under the *Strickland* ineffectiveness standard, a petitioner must show that counsel's conduct fell below reasonable professional standards and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistances." *Id.* at 689.

Selous failed to show counsel's conduct was unreasonable or that he was prejudiced by counsel's actions. The Missouri Court of Appeals explained why there was no misconduct by trial counsel nor resulting prejudice:

> Here, Movant's defense at trial was that the State failed to prove Movant guilty beyond a reasonable doubt because the only evidence was Victim's testimony, which was not credible. Trial counsel challenged Victim's credibility throughout trial by arguing that his testimony was inconsistent, and the words Victim used to describe the sexual assault were not what you would expect a nine-year-old to use, therefore, someone must have told him what to say. Movant alleges trial counsel was ineffective for failing to subpoena and admit into evidence Victim's school and medical records, because they would have demonstrated Victim "had disciplinary problems at school, was suspended for fighting on the school bus, and was medicated for his unmanageable behavior." Movant argues, if trial counsel had subpoenaed this evidence and presented it at trial, it would have undermined the credibility of Victim and Victim's mother by contradicting their trial testimony. At trial, when the State asked Victim whether he was a "good student," he responded, "Yes." Victim's mother testified that Victim was a "good kid," "makes good grades," and does not have any "behavior issues" at school.
>
> The motion court concluded Movant was not entitled to an evidentiary hearing on this claim because Movant failed to allege facts warranting relief. The court found that, even if true, "the alleged impeachment would have gone to collateral matters that would not have provided a defense." We cannot say this conclusion is clearly erroneous.

6

Evidence regarding Victim's medication and disciplinary issues at school would not have provided a viable defense because it would not have negated any element of the offenses of child molestation or attempted sodomy. *See Becker v. State*, 260 S.W.3d 905, 909-10 (Mo. App. E.D. 2008) (discussing the elements of first-degree sodomy and first-degree child molestation). Whether a child is a "good student" is not probative of whether that child was the victim of a sexual assault. "Failure to impeach a witness does not generally warrant relief for ineffective assistance of counsel where the facts, even if true, do not establish a defense." *Wren v. State*, 313 S.W.3d 211, 219 (Mo. App. E.D. 2010). *See Clay*, 468 S.W.3d at 920 (evidence provides a viable defense when it negates an element of the charged offense); *Madison*, 353 S.W.3d at 367 (evidence does not provide a viable defense when it does not negate an element of the charged offense).

Moreover, the evidence would not have altered the outcome of the trial because it would not have directly contradicted any part of Victim's testimony regarding the crime. Victim merely testified that he was a "good student." Even if the records contained the information Movant alleges, they would not have undermined Victim's credibility to the point of altering the outcome of trial because they did not relate "directly to the central issue" of Movant's guilt. *See McFadden v. State*, 553 S.W.3d 289, 306 (Mo. banc 2018) (no ineffective assistance in failing to call an impeachment witness because "the impeaching testimony of the uncalled witnesses [would not] have related 'directly to the central issue'"). Although the records may have contradicted Mother's testimony that Victim did not have any "behavior issues," impeaching Victim's mother on this point would not have altered the outcome of the trial because the mother was not a witness to Movant's crime. Therefore, impeaching her testimony regarding this collateral issue would not have called into question any fact material to Movant's guilt.

…

Additionally, Movant has not alleged that trial counsel was aware of the contents of Victim's school and medical records. Movant's amended motion only alleges that Movant "knew about them at the time of trial," but does not allege Movant told trial counsel about the records. Regarding trial counsel's knowledge of these records, the amended motion only alleges, "Trial counsel will testify about whether he was aware of these records." Accordingly, even if Movant's allegations were true, there is no basis for believing trial counsel was aware of the evidence Movant alleges should have been subpoenaed and introduced at trial. We will not find trial counsel ineffective for failing to subpoena evidence trial counsel had no reason to

7

believe even existed. *See Edwards v. State*, 200 S.W.3d 500, 516 (Mo. banc 2006) (holding trial counsel was not ineffective for failing to discover evidence that was not "reasonably available" to trial counsel).

(Resp. Ex. I, pp. 5-8).

At this stage, Selous has done nothing more than repeat the points on appeal from his post-conviction briefing—in fact, he says himself that he is simply "incorporate[ing] [] the arguments as articulated in his state briefs." He does nothing to expand on those arguments. And this Court finds nothing about the Missouri Court of Appeals' decision contrary to clearly-established federal law or based on an unreasonable determination of the facts, *see* 28 U.S.C. § 2254(d). Accordingly, this Court will defer to the Missouri Court of Appeals' decision on this issue and denies Selous's second ground for relief.

> **C. Trial Counsel was not Ineffective for Failing to Object and Call for a Mistrial During Cross-Examination of Certain Witnesses. This Court Defers to the Missouri Court of Appeals' Decision on This Issue (Responds to the Third Ground for Relief).**

In his third ground for relief, Selous argues that his trial counsel was ineffective for "failing to object and request a mistrial after C.W. testified on direct-examination about a double hearsay conversation with his sister." C.W. testified before the jury about a conversation with his sister in which he told his sister that his cousin had said she was also raped. Selous raised this claim during his state post-conviction appeal (Resp. Ex. G, p. 14), and the Missouri Court of Appeals denied it. (Resp. Ex. I, pp. 8-9). Claims that have been previously adjudicated on the merits in state court "shall not be granted" relief unless the state court's decision contradicted or unreasonably applied clearly-established

8

federal law or resulted in an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The Missouri Court of Appeals applied the proper standard for evaluating whether counsel was ineffective. (Resp. Ex. I, p. 4); *see Strickland*, 466 U.S. 668. The *Strickland* ineffectiveness standard is set forth in Section B, above.

Selous failed to show counsel's conduct was unreasonable or that he was prejudiced by counsel's actions. The Missouri Court of Appeals explained why there was no misconduct by trial counsel or resulting prejudice:

> Here, in response to a question regarding a conversation with his sister at the park, Victim testified "my cousin had said that she had been raped - -". The State interrupted Victim before he could describe any details or identify the individual his cousin claimed raped her, stating, "Unwittingly, I think [Victim] may -- was about to open up a subject that we cannot discuss, and I would ask for a very short recess so I can talk to him about that. I don't want him to cause a mistrial." Trial counsel did not object or request a mistrial. The court granted a recess, after which the trial resumed. There was no further mention of the fact that Victim's cousin had been raped.
>
> Movant alleged trial counsel was ineffective for failing to object and request a mistrial. The motion court found Movant was not entitled to an evidentiary hearing on this claim because the allegations, even if true, failed to establish trial counsel was ineffective because the statement regarding Victim's cousin being raped "did not identify [M]ovant as the person who committed the rape, and the prosecuting attorney appropriately halted the testimony before the victim would have identified [M]ovant." We cannot say this conclusion was clearly erroneous. Vague or speculative references to a defendant's involvement in other crimes do not constitute evidence of the defendant's direct association with a crime. *Id*. at 318. Because the reference to Victim's cousin being raped did not identify Movant as the perpetrator of that crime, this was not evidence of a prior bad act by Movant. Therefore, trial counsel cannot be held to be ineffective for failing to object. *See id*.

> Accordingly, we find the motion court did not clearly err in denying Movant's amended motion without an evidentiary hearing because Movant's allegations, even if true, did not establish trial counsel was ineffective for failing to object and request a mistrial. Point II is denied.

(Resp. Ex. I, pp. 8-9).

At this stage, Selous has done nothing more than repeat the points on appeal from his post-conviction briefing—in fact, he says himself that he is simply "incorporate[ing] [] the arguments as articulated in his state briefs." He does nothing to expand on those arguments. And this Court finds nothing about the Missouri Court of Appeals' decision contrary to clearly-established federal law or based on an unreasonable determination of the facts, *see* 28 U.S.C. § 2254(d). Accordingly, this Court will defer to the Missouri Court of Appeals' decision on this issue and denies Selous's third ground for relief.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Rashad R. Selous's petition for a writ of habeas corpus (ECF #1) is **DENIED**. This Court will not issue a certificate of appealability. Judgment to follow.

So ordered this 28th day of August 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE